IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wade Stepheney, Jr., a/k/a Wade Stepney, Jr., Wade Stephney, Jr., Wade Stepheny, Jr., | ) ) ) ) | C/A No.: 1:11-3261-MBS-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Ms. Cynthia Wilson, OCSDCS Superintendent; Mr. Paul G. Bidwell, OCSD Trustee; Lisa T. Jenkins, OCSD Chair-Trustee; Sam Farlow, OCSD Trustee; Dr. P. Oscar Butler, RMC; Dr. Singleton, O-C Regional Detention Center Physician; Ms. Gladys Arends, Trustee RMC; Mr. Leroy Ravenell, OCSC Sheriff; Mr. Tyrell Davis, ODPS Chief; Mr. Willie Bamberg, Dir. O-C Co Reg Det. Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the Orangeburg Calhoun County Regional Detention Center ("OCCRDC") and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

According to Plaintiff's complaint, "[o]n or about the 30th or 31st day of August 2011, [Plaintiff] was seriously and severely injur[ed] at the Orangeburg Consolidated School Districts Five (5) entity property maint[en]ance shop, shed and yard, when the handle on a five gallon plastic bucket came aloose while being handed down off the side of a F-150 OCSD5 Ford pickup truck full of hazard chemical gasoline, drenching, soaking, wetting the [Plaintiff] from head to feet." [Entry #1 at 6].  Plaintiff was hospitalized at the Orangeburg/Calhoun Regional Medical Center ("OCRMC") and claims that his injuries were caused by the negligence of Orangeburg County School District 5 ("OCSD") in failing to "provide adequate protection and security at the OCSD(5) exits and entrances." *Id.* at 5, 6. He also alleges the OCRMC failed to provide adequate medical care. *Id.* at 4

Subsequent to the hospitalization, Plaintiff was arrested for burglarizing the OCSD maintenance yard and shop.  *Id.* at 9.  Plaintiff complains that he was subjected to an illegal interrogation at the detention center.  *Id.* at 5.  Plaintiff also alleges that detention center employees have failed to process grievances and appeals to exhaust administrative remedies, and have failed to process an application for a public defender.  *Id.* at 5, 10. Plaintiff seeks injunctive relief,[1] payment of his medical bills, and compensation for his personal injuries. *Id.* at  3, 11.

---

[1] Plaintiff seeks injunctive relief associated with his injuries, [Entry #1 at 3], and also appears to seek injunctive relief associated with his pending criminal charges.  *Id.* at 8 (asking that pretrial detainees be granted "immunity from further prosecution").

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Medical Indifference Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The instant complaint alleges that Defendants were deliberately indifferent to Plaintiff's medical needs. [Entry #1 at 2]. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2] Furthermore, in *Miltier v. Beorn*, the Fourth Circuit noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–852 (4th Cir. 1990) (citation omitted). While Plaintiff claims that OCRMC failed to provide adequate medical care, [Entry #1 at 4], he provides no facts to demonstrate that Defendants acted with reckless disregard to a substantial risk of danger.

---

[2] Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff is a pre-trial detainee. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

*Miltier*, 896 F.2d at 851. Additionally, it does not appear that the OCRMC or its employees are state actors, such that they are subject to suit pursuant to § 1983. As the complaint's allegations regarding deliberate indifference to medical care do not rise to the level of a constitutional violation and do not involve state actors, it is recommended that this claim be summarily dismissed.

        2.        Claims Against OCSD for Negligence

At best, the complaint's allegations concerning Plaintiff's accident and injuries may be construed as a claim of negligence. Plaintiff alleges that the "OCSD5 Executive Branch, Trustees, Boards, Administrations, Personnel, Staff, Employees, Servants and Agents" failed "to use Federal, States, and Local Government Grants, Financial Aid, Budgeting, and Funding also Private Donations and Gifts . . . to provide above adequate security for the OCSD5 maint[en]ance shop, shed, and yard to protect the citizens and community from harm." [Entry #1 at 3]. Thus, Plaintiff attributes his August 2011 accident and resulting injuries to the OCSD Defendants' alleged negligence. *Id.* However, the law is well-settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Therefore, the undersigned recommends Plaintiff's negligence claims also be summarily dismissed.

3.     Claims Related to Grievances, Arrest, and Booking

Plaintiff alleges that: (1) the detention center director and security officers refused to process his grievances and appeals, [Entry #1 at 5]; (2) the detention center director and security officers failed to process Plaintiff's application for a public defender during the booking process, *id.*; and (3) Orangeburg County Public Safety officers and investigators violated his *Miranda* rights by subjecting him to an illegal interrogation, *id.* at 10.  Plaintiff alleges such conduct violated his right to "due process and equal protection of the law." *Id.* at 2, 4.

First, it is well settled that inmates have no constitutionally protected right to a grievance procedure.  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011).  Therefore, Plaintiff's claims against Defendants for failure to process his grievances are not cognizable under 42 U.S.C. § 1983.

Next, "a mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule." *United States v. Patane*, 542 U.S. 630, 641 (2004).  Thus, the unidentified investigator's alleged failure to provide Plaintiff with the full array of warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966) cannot support a § 1983 claim.

Further, while the "Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process," *Iowa v. Tovar*, 541 U.S. 77, 80 (2004), the instant complaint provides no indication that Plaintiff

6

has been denied such a right. Instead, the complaint alleges a refusal to process an application for a court-appointed attorney during the booking process. As Plaintiff provides insufficient factual allegations to demonstrate denial of counsel at any critical stage of the criminal process, this claim is likewise subject to summary dismissal. Therefore, it is recommended that Plaintiff's claims related to the alleged denial of the grievance process, failure to process an application for a public defender, and failure to issue *Miranda* warnings be summarily dismissed.

    4.  Equal Protection

Plaintiff has also alleged an equal protection claim. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). Thus, the Supreme Court has recognized the validity of "class of one" equal protection claims, "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Willis v. Town of Marshall, North Carolina*, 426 F.3d 251, 263 (4th Cir. 2005). The instant complaint provides no facts to demonstrate that Defendants intentionally treated Plaintiff differently from other similarly situated detainees. Therefore, it is recommended that Plaintiff's equal protection claim be summarily dismissed.

5.  Injunctive Relief

Finally, any claims for injunctive relief associated with Plaintiff's pending criminal charges should not be addressed by this court at this time. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). Plaintiff can pursue in state court, both during and after trial, his claims relating to the alleged illegal interrogation and denial of a public defender. Therefore, the court should abstain from hearing Plaintiff's claims for injunctive relief associated with his pending state criminal proceedings.

III.  Conclusion

For the foregoing reasons, it is recommended that this case be dismissed in its entirety without prejudice and without issuance and service of process.[3]

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges/*

January 13, 2012                                       Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

---

[3] If the district judge accepts this recommendation, Plaintiff's motion for attorneys' fees, judgment awards, and damages [Entry #14] will be moot.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).